IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| GRAY MANUFACTURING COMPANY, INC.<br><br>*Plaintiff*,<br><br>v.<br><br>VEHICLE SERVICE GROUP, LLC<br><br>*Defendant.* | Civil Action No. 5:18-cv-6001<br><br>**JURY TRIAL DEMANDED** |

## DECLARATORY JUDGMENT COMPLAINT

Plaintiff Gray Manufacturing Company, Inc. ("Gray"), for its Declaratory Judgment Complaint against Vehicle Service Group, LLC ("VSG"), alleges and states as follows:

## THE PARTIES

1. Plaintiff Gray is a corporation duly organized and existing under the laws of the State of Missouri and having its principal place of business at 3501 S. Leonard Rd., St. Joseph, Missouri 64503.

2. On information and belief, Defendant VSG is a limited liability company duly organized and existing under the laws of the State of Delaware and having its principal place of business at 2700 Lanier Drive, Madison, Indiana 47250. On information and belief, VSG is registered with the Missouri Secretary of State as a Foreign Limited Liability Company and accordingly is "duly authorized to transact business in the State of Missouri." On information and belief, VSG's current registered agent and office within the State of Missouri is CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, Missouri 65101.

**JURISDICTION AND VENUE**

3. This is an action for declaratory judgment of non-infringement of two VSG-owned patents. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

4. This Court has personal jurisdiction over VSG at least because VSG sent a letter into this district alleging that Gray infringes the two VSG-owned patents with are the subject of the instant complaint, because VSG is registered to do business in the State of Missouri, including within this district, and because on information and belief, VSG in fact conducts business in this district, including, without limitation, by marketing and selling products within this district. On information and belief, VSG sells mobile column lifts in this district through a Kansas City, Missouri based distributor, Myer Brothers of Kansas City, Inc. Further, Gray has purchased VSG's products within this district.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c).

**FACTUAL BACKGROUND**

6. VSG manufacturers and sells mobile column lifts. For example, VSG manufactures and sells mobile column lifts branded as "Mach Flex" lifts, which are depicted below:



7. VSG is the owner of U.S. Patent No. 6,763,916 ("the '916 patent") and U.S. Patent No. 6,964,322 ("the '322 patent"), both titled "Method and Apparatus for Synchronizing a Vehicle Lift." A true and correct copy of the '916 patent and the '322 patent are attached as Exhibits A and B, respectively.

8. The independent claims of the '916 are directed to a controller or control system for a vehicle lift, or a vehicle lift including such a controller or control system. The '916 patent explains that its invention "relates generally to vehicle lifts and their controls, and more particularly to a vehicle lift control adapted for maintaining multiple points of a lift system within the same horizontal plane during vertical movement of the lift superstructure by synchronizing the movement thereof."

9. Independent claim 1 is illustrative of the invention claimed in the '916 patent:

> 1. A controller for a vehicle lift, said vehicle lift having a first pair formed of a first vertically moveable superstructure and a second vertically moveable superstructure, each of said first and second vertically moveable superstructures having respective vertical positions which vary when said first and second vertically moveable superstructures are respectively moved, said controller comprising:
> a. an interface configured to receive a first position signal indicative of the vertical position of said first vertically moveable superstructure and a second position signal indicative of the vertical position of said second vertically moveable superstructure;
> b. a position synchronization circuit responsive to said first and second position signals and operably configured to synchronize vertical actuation of said first and second vertically moveable superstructures by determining a proportional-integral error signal relative to the respective vertical positions of said first and second vertically moveable superstructures.

10. The independent claims of the '322 patent are directed to a hydraulic fluid control system for a vehicle lift. As with the '916 patent, the '322 patent explains that its invention "relates generally to vehicle lifts and their controls, and more particularly to a vehicle lift control adapted

3

for maintaining multiple points of a lift system within the same horizontal plane during vertical movement of the lift superstructure by synchronizing the movement thereof."

11. Independent claim 1 is illustrative of the invention claimed in the '322 patent:

> 1. A hydraulic fluid control system for a vehicle lift comprising:
> a. at least one source of hydraulic fluid;
> b. a first hydraulic actuator configured to move a first vertically moveable superstructure, said first hydraulic actuator being in fluid communication with said at least one source of hydraulic fluid;
> c. a second hydraulic actuator configured to move a second vertically moveable superstructure, said second hydraulic actuator being in fluid communication with said at least one source of hydraulic fluid;
> d. a first proportional flow control valve interposed between said at least one source of hydraulic fluid and said first hydraulic actuator;
> e. a second proportional flow control valve interposed between said at least one source of hydraulic fluid and said second hydraulic actuator;
> f. said first proportional flow control valve and said second proportional flow control valve each being independently controllable relative to each other; and
> g. a controller connected to said first and second proportional flow control valves for controlling flow of said hydraulic fluid to said first and second hydraulic actuators.

12. Gray manufactures and sells, among other products, mobile column lifts that compete with VSG's mobile column lifts. For example, Gray manufactures and sells a lift branded as a "Model WPLS-185" lift system, depicted below:

4



13. On July 13, 2017, principals from VSG and Gray met in Downer's Grove, Illinois to discuss patent infringement and licensing issues. In attendance at the July 13, 2017 meeting were Niclas Ytterdahl (VSG's President), Matt Webster (VSG's Vice President and General Manager), Sterett Schanze (Gray's President), and Todd Michalski (Gray's Vice President of Sales and Marketing). During the July 13, 2017 meeting, Mr. Schanze indicated Gray's position was that VSG was violating multiple Gray patents; however, "Gray was seeking a business solution and did not want to litigate, if possible." Mr. Ytterdahl made it clear several times during the meeting that given VSG's large size relative to Gray that "it would be nothing for VSG from an expense standpoint if litigation occurred." Mr. Ytterdahl further stated "VSG has file cabinets full of patents, in-house attorneys on staff, more patents than Gray, and could initiate a never-ending litigation battle over patents and that can start with VSG's proportional valve patents." Mr. Schanze described this as a "patent cold war" and Mr. Ytterdahl confirmed. Mr. Schanze took the continued references to litigation as a threat.

14. On September 25, 2017, Mr. Ytterdahl (VSG's President) stated on a telephone call with Mr. Schanze (Gray's President) that Gray would need to take a license to the '916 patent and '322 patent or enter into a cross-license that included the '916 patent and '322 patent.

5

15. On December 1, 2017, VSG sent Gray a letter at Gray's headquarters in St. Joseph, Missouri, a true and accurate copy of which is attached as Exhibit C. The letter is signed by Mr. Webster (VSG's Vice President and General Manager). The letter alleges that Gray's mobile column lifts infringe the '916 and '322 patents. For example, the letter alleges VSG is "confident that Gray is using a proportional-integral technique" in its mobile column lifts, and thus VSG "feels strongly that Gray is using both patents."

16. As shown in Exhibit C, VSG attached infringement claim charts to their December 1, 2017 letter. Those claim charts detail how Gray's Model WPLS-185 lift system allegedly infringes claims 1, 18, and 56 of the '916 patent and claims 1, 2, and 4 of the '322 patent. The December 1, 2017 letter thus indicates that the '916 patent and '322 patent "need to be part of VSG's and Gray's licensing discussion."

17. In light of at least VSG's December 1, 2017 letter, a substantial controversy between VGS and Gray exists that is of sufficient immediacy and reality to warrant issuance of a declaratory judgment under 28 U.S.C. § 2201(a) as to the alleged infringement of the '916 and '322 patents by Gray.

## COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF
## U.S. PATENT NO. 6,763,916

18. Gray realleges and incorporates by reference the allegations in Paragraphs 1-17, above, as if fully set forth herein.

19. An actual and justiciable controversy exists between Gray and VSG regarding the alleged infringement of the '916 patent by Gray's Model WPLS-185 lift system.

20. VSG asserts that Gray's Model WPLS-185 lift system infringes at least claims 1, 18, and 56 of the '916 patent.

6

21. Gray disputes VSG's allegations. The Model WPLS-185 lift system does do not infringe any claims of the '916 patent.

22. More particularly, Gray's Model WPLS-185 lift system does not infringe claim 1 of the '916 patent because, for example, the Model WPLS-185 lift system does not use a *proportional-integral signal* and thus cannot meet the limitation "a position synchronization circuit responsive to said first and second position signals and operably configured to synchronize vertical actuation of said first and second vertically moveable superstructures by *determining a proportional-integral error signal* relative to the respective vertical positions of said first and second vertically moveable superstructures." Moreover, Gray's Model WPLS-185 lift system does not infringe claim 1 of the '916 patent because, for example, the Model WPLS-185 lift system does not include a *lift* (singular) having *multiple movable substructures*, and thus cannot meet the limitation "said vehicle *lift* having a first pair formed of a first vertically moveable superstructure *and a second vertically moveable superstructure*."

23. Gray's Model WPLS-185 lift system does not infringe claims 18 and 56 of the '916 patent for substantially similar reasons as set forth above with respect to claim 1.

24. Gray's Model WPLS-185 lift system does not infringe any other independent claim of the '916 patent.

25. Accordingly, Gray is entitled to a judgment declaring that its Model WPLS-185 lift system does not infringe the '916 patent.

### COUNT II – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,964,322

26. Gray realleges and incorporates by reference the allegations in Paragraphs 1-25, above, as if fully set forth herein.

27. An actual and justiciable controversy exists between Gray and VSG regarding the alleged infringement of the '322 patent by Gray's Model WPLS-185 lift system.

28. VSG asserts that Gray's Model WPLS-185 lift system infringes at least claims 1, 2, and 4 of the '322 patent.

29. Gray disputes VSG's allegations. The Model WPLS-185 lift system does not infringe any claims of the '322 patent.

30. More particularly, Gray's Model WPLS-185 lift system does not infringe claim 1 of the '322 patent because, for example, the Model WPLS-185 lift system does not use a *controller* (singular) connected to *multiple proportional flow control valves*, and thus cannot meet the limitation "a *controller* connected to said first *and second proportional flow control valves* for controlling flow of said hydraulic fluid to said first and second hydraulic actuator." Moreover, Gray's Model WPLS-185 lift system does not infringe claim 1 of the '322 patent because, for example, the Model WPLS-185 lift system does not include a *lift* (singular) having *multiple movable substructures*, and thus cannot meet the limitation "[a] hydraulic fluid control system for a vehicle *lift* comprising: . . . a first hydraulic actuator configured to move a first vertically moveable superstructure, said first hydraulic actuator being in fluid communication with said at least one source of hydraulic fluid; [and] *a second hydraulic actuator* configured to move *a second vertically moveable superstructure*, said second hydraulic actuator being in fluid communication with said at least one source of hydraulic fluid."

31. Claims 2 and 4 of the '322 patent depend from independent claim 1. Gray's Model WPLS-185 lift system does not infringe claims 2 and 4 of the '322 at least because the Model WPLS-185 lift system does not infringe claims 2 and 4's base claim for the reasons set forth above.

32. Gray's Model WPLS-185 lift system does not infringe any other independent claim of the '322 patent.

33. Accordingly, Gray is entitled to a judgment declaring that its Model WPLS-185 lift system does not infringe the '322 patent.

## PRAYER FOR RELIEF

Wherefore, Gray request entry of judgment in its favor and against VSG as follows:

A. Declaring that Gray's mobile column lifts do not infringe U.S. Patent Nos. 6,763,916 and 6,964,322.

B. Finding that this case is "exceptional" pursuant to 35 U.S.C. § 285, entitling Gray to an award of its reasonable attorney's fees.

C. Awarding Gray its costs.

D. Awarding Gray such other and further relief as this Court deems just and proper.

## **DEMAND FOR A JURY TRIAL**

Gray respectfully demands a trial by jury on all claims and issues so triable.

Dated: January 8, 2018

Respectfully Submitted,

**MURPHY, TAYLOR, SIEMENS & ELLIOT P.C.**

By */s/ Kenneth E. Siemens*
 Kenneth E. Siemens, MO Bar #41914
 kensiemens@mtselaw.com
 3007 Frederick Avenue
 St. Joseph, MO 64506
 Telephone: (816) 364-6677
 Facsimile: (816) 364-9677

**HOVEY WILLIAMS LLP**

By */s/ Michael B. Hurd*
 Michael B Hurd, MO Bar #35774
 mbh@hoveywilliams.com
 Kameron D. Kelly, MO Bar #52,594
 kdk@hoveywilliams.com
 10801 Mastin Boulevard, Suite 1000
 84 Corporate Woods
 Overland Park, Kansas 66210
 T: (913) 647 – 9050
 F: (913) 647 – 9057

ATTORNEYS FOR PLAINTIFF
GRAY MANUFACTURING COMPANY, INC.